UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTIAN M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-1553 RSM

**ORDER AFFIRMING DENIAL OF BENEFITS**

Plaintiff appeals denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony, a lay witness statement, and several medical opinions. Dkt. 14. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 49 years old, has a high school education, and has worked as a real estate photographer, apartment manager, events coordinator, and driver. Dkt. 11, Admin. Transcript (Tr.) 28. Plaintiff applied for benefits in February 2018, and alleges disability as of May 22, 2015. Tr. 15, 39. After conducting a hearing in January 2020, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. Tr. 15-29. In pertinent part, the ALJ found Plaintiff's mental and physical impairments limited him to light work with close bathroom

ORDER AFFIRMING DENIAL OF BENEFITS - 1

access, no complex tasks, no direct public service, occasional interaction with supervisors, and no teamwork.  Tr. 18, 21.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.	Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo*, 871 F.3d at 678.

The ALJ commented that Plaintiff "appears to be focused on obtaining the perfect job[.]"  Tr. 24.  The ALJ cited notes from a rehabilitation counselor stating that, when asked about his "interests," Plaintiff "expresse[d] a desire to be able to work in a high paying part-time job.  He does not believe that full time work will be possible at this time."  Tr. 2495.  Plaintiff's desires do not contradict his testimony about his abilities.  This was not a clear and convincing reason to discount his testimony.

The ALJ also discounted Plaintiff's testimony of mental and physical fatigue based on lack of supporting medical evidence, improvement with treatment, and conflict with his activities.  Tr. 22-24.

"[L]ack of medical evidence cannot form the sole basis for discounting pain testimony[.]"  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  This was not a clear and convincing

reason to discount Plaintiff's testimony.

Improvement with treatment was, however, a clear and convincing reason to discount Plaintiff's testimony. Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The Commissioner contends Plaintiff improved enough to stop using Provigil to increase his energy. Dkt. 18 at 5. Plaintiff contends he remained fatigued. After Plaintiff first began taking Provigil, a November 2016 treatment note showed he "still feels sluggish [but] is better." Tr. 759, 763. After several months, however, Plaintiff reported in June 2017 that he had "far less" fatigue and was not taking Provigil because it was "not needed." Tr. 763. In February 2018, Plaintiff reported "he has stopped taking the Provigil, as he feels he does not need it any longer … He is not as tired as he was[.]" Tr. 766. The ALJ reasonably inferred Plaintiff's symptoms were effectively controlled to the point he no longer felt medication was necessary or helpful. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). This was a clear and convincing reason to discount Plaintiff's testimony of debilitating fatigue.

Conflict with Plaintiff's activities was another clear and convincing reason to discount his testimony. An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found Plaintiff's ability to do a work study program for 19 hours a week while also attending college classes, achieving A and B grades, contradicted his testimony of extreme fatigue and inability to concentrate. Tr. 23-24.

ORDER AFFIRMING DENIAL OF BENEFITS
- 3

Plaintiff contends his work study allowed 19 hours per week but, based on his reported income, he must only have averaged about 14 hours per week. Dkt. 14 at 6-7. Plaintiff's briefing is not evidence, however. At the hearing before the ALJ, when asked "how many hours were you doing [work study] a week?" Plaintiff testified, "It was 19." Tr. 58. This was substantial evidence supporting the ALJ's finding that Plaintiff worked 19 hours per week. In addition, Plaintiff testified he took two classes while working. Tr. 58. Plaintiff argues this only required him to attend class a few hours per week. Dkt. 14 at 6. However, the ALJ reasonably inferred college classes require more time and effort than simply showing up to class, such as for reading to prepare for class and completing homework, especially to achieve high grades as Plaintiff did. Plaintiff's ability to work 19 hours per week in addition to studying and attending classes several more hours per week conflicts with his testimony that, for example, he cannot concentrate long and must stay in bed several times a week. *See* Tr. 59, 65. Plaintiff contends his condition worsened and he had to quit school due to fatigue. Dkt. 14 at 6. However, he attended classes from 2015 to 2019, nearly the entire relevant period, while also working for much of the time. *See* Tr. 992, 1035.

Conflict with Plaintiff's activities was a clear and convincing reason to discount his testimony.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.      Lay Witness Statement**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's sobriety sponsor described "low energy," "fatigue," and "unclear thinking," similar to Plaintiff's testimony. Tr. 311, 315. The ALJ found this report to have "little persuasiveness" for the same reasons as Plaintiff's

testimony. Tr. 27. For the same reasons discussed above, the Court concludes the ALJ did not err by discounting Plaintiff's sponsor's statement. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (if an ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are germane to similar testimony by a lay witness).

## C. Medical Opinions

The parties disagree on the standard of review, but neither contends the difference between the two standards would change the outcome here. Because Plaintiff filed his claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The ALJ must articulate and explain the persuasiveness of an opinion based on "supportability" and "consistency," the two most important factors in the evaluation. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion. *Id*. at (c)(1)-(2). At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

### 1. Lucy Hwang, M.D.

In April 2016 and November 2017, Dr. Hwang filled out Physical Functional Evaluation forms, opining Plaintiff's chronic fatigue markedly limited all physical work-related activities and preventing him from performing even sedentary work. Tr. 730-35. In November 2019, Dr. Hwang filled out a Request for Medical Opinion form, opining Plaintiff's major depression and

chronic fatigue limited him to standing/walking one hour and sitting one hour per day. Tr. 1042. He would miss at least three days of work per month. *Id*.

The ALJ found Dr. Hwang's opinions unpersuasive as unsupported by and inconsistent with the record. Tr. 25. Plaintiff's ability to "sit throughout the hearing, which was one hour in length," contradicted Dr. Hwang's opinion Plaintiff could sit one hour per day but "not continuously." Tr. 25, 1042. Plaintiff argues Dr. Hwang's opinions were supported by her treatment records, but fails to identify any such support. Dkt. 14 at 11. Instead, Plaintiff argues the ALJ failed to identify any contradiction with Dr. Hwang's treatment notes. Dkt. 19 at 5. However, an ALJ is not required to show an outright contradiction, but may reject a medical opinion that is "inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Plaintiff argues Dr. Hwang's opinions are "consistent with her own treatment notes," but fails to cite a single treatment note. Dkt. 14 at 11. The Court sees no obvious support for Dr. Hwang's opinions in her clinical findings. Lack of supporting clinical evidence was a valid reason to discount Dr. Hwang's opinions.

The only support for Dr. Hwang's opinions in her treatment notes is in Plaintiff's self-reports. *See, e.g.*, Tr. 522 ("feeling tired"), 967 ("Can't really stand or sit for long periods of time. Reports that he usually has to stay in bed."). This is substantial evidence supporting the ALJ's finding that Dr. Hwang's opinions were based largely on Plaintiff's self-reports. "If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Because the ALJ permissibly discounted Plaintiff's self-reports, overreliance on them was a valid reason to discount Dr.

Hwang's opinions.

The Court concludes the ALJ did not err by discounting Dr. Hwang's opinions.

### 2. Tina Shereen, M.D.

In May 2015, Dr. Shereen filled out a Physical Functional Evaluation form, opining chronic fatigue rendered Plaintiff unable to perform any work-related activities, and thus unable to perform even sedentary work. Tr. 411-12. The ALJ found this opinion "unpersuasive" as unsupported by Dr. Shereen's own examination results and contradicted by Plaintiff's activities. Tr. 26.

Dr. Shereen's examination results were entirely normal except Plaintiff "appear[ed] depressed," was obese, and demonstrated "[i]nappropriate mood and affect." Tr. 415. The ALJ permissibly discounted Dr. Shereen's opinions as unsupported. *See Thomas*, 278 F.3d at 957. Plaintiff argues her opinion was supported by treatment notes stating Plaintiff "[f]eels sick and tired most of the time; sleeps 8-9 h[ou]rs at night + 3 h[ou]r nap." Tr. 414. However, these were Plaintiff's own self-reports, which the ALJ permissibly discounted. Accordingly, the ALJ also permissibly discounted Dr. Shereen's opinion as based on Plaintiff's self-reports. *See Ghanim*, 763 F.3d at 1162.

In addition, as discussed above, Plaintiff's activities of working while attending college contradicted Dr. Shereen's opinions of inability to, for example, sit, stand, lift, handle, or communicate. *See* Tr. 411. "[C]onflict with [a claimant's] daily activities … may justify rejecting a treating provider's opinion." *Ghanim*, 763 F.3d at 1162.

The Court concludes the ALJ did not err by discounting Dr. Shereen's opinions.

### 3. Morgan McCormick, Psy.D.

In December 2019, Dr. McCormick performed a psychological evaluation and filled out a

Medical Source Statement form. Tr. 2654-62. Dr. McCormick opined Plaintiff "exhibited a consistent inability to function in the workplace due to his psychological and medical conditions." Tr. 2659. Dr. McCormick opined he had marked limitations in most work-related abilities, including nearly all related to concentration and persistence. Tr. 2660-61.

The ALJ found these opinions "unpersuasive" because Dr. McCormick's mental status examination results conflicted with the medical evidence in the record, and because Plaintiff's activities contradicted the opinions. Tr. 25-26.

Dr. McCormick found "deficits in recent memory [and] in attention and concentration." Tr. 2657. However, treatment providers found Plaintiff had "grossly intact" memory and "good" attention/concentration. Tr. 553; *see also* Tr. 1050, 1176 ("Attentive" with "Grossly intact" memory). Substantial evidence supported the ALJ's finding that Dr. McCormick's examination results were contradicted by the medical evidence. Plaintiff argues mental status examinations are "not relevant" because they do not require sustained effort, which Plaintiff's impairments prohibit. Dkt. 19 at 5. However, the ALJ reasonably inferred that clinical observations made for treatment purposes are not meaningless to a patient's function in the real world. In any case, an ALJ may reject opinions unsupported by any clinical evidence. *See Thomas*, 278 F.3d at 957. Here, there are no clinical abnormalities to support Dr. McCormick's opinions.

In addition, Plaintiff's ability to work while attending college contradicted Dr. McCormick's opinions of extreme limitations. *See Ghanim*, 763 F.3d at 1162.

The Court concludes the ALJ did not err by discounting Dr. McCormick's opinions.

**4.    David Widlan, Ph.D.**

In May 2015, Dr. Widlan examined Plaintiff and filled out a Psychological/Psychiatric Evaluation form, opining Plaintiff had marked difficulty in adapting to changes and completing a

normal work day and week. Tr. 400. In August 2018, Dr. Widlan examined Plaintiff and opined he could not maintain work because his "fatigue and depression … would likely impact pace." Tr. 773.

The ALJ found Dr. Widlan's opinions "unpersuasive" as inconsistent with treatment providers' normal mental status findings and Plaintiff's activities. Tr. 26-27.

Dr. Widlan's findings of memory and concentration deficits in 2018 were contradicted by treatment providers' observations, as well as his own 2015 findings. Tr. 772; Tr. 553, 1050, 1176; Tr. 402. This was substantial evidence supporting the ALJ's finding that Dr. Widlan's opinions did not reflect Plaintiff's long-term functioning. In addition, Plaintiff's activities of working while attending college contradicted Dr. Widlan's opinions.

The Court concludes the ALJ did not err by discounting Dr. Widlan's opinions.

**5.     Tasmyn Bowes, Psy.D.**

Dr. Bowes examined Plaintiff in November 2016 opined Plaintiff was unable to maintain punctual attendance and had marked limitation in completing a normal work day and week. Tr. 898. In October 2018, Dr. Bowes examined Plaintiff again and opined he had marked limitations in maintaining punctual attendance and completing a normal work day and week. Tr. 886.

The ALJ found Dr. Bowes' opinions "unpersuasive" for the same reasons as Dr. Widlan's, citing the same evidence. Tr. 27. These were similarly valid as applied to Dr. Bowes' opinions. The Court concludes the ALJ did not err by discounting Dr. Bowes' opinions.

**6.     Heather Riley, LICSW**

In November 2018, Ms. Riley wrote a letter opining Plaintiff was functional only about four to six hours per day. Tr. 918. The ALJ found this opinion "unpersuasive" as it relied primarily on Plaintiff's self-reports and conflicted with his activities. Tr. 27.

Plaintiff argues the ALJ acknowledged that Ms. Riley observed Plaintiff in a clinical setting, and thus erred in determining her opinions relied heavily on Plaintiff's self-reports. Dkt. 14 at 14. However, Ms. Riley's letter expressly stated that Plaintiff "reports" he can function only four to six hours per day. Tr. 918. This was substantial evidence supporting the ALJ's finding. Reliance on Plaintiff's permissibly discounted self-reports was a valid reason to discount Ms. Riley's opinions.

In addition, conflict with Plaintiff's activities of working while attending college was a valid reason to discount Ms. Riley's opinions.

The Court concludes the ALJ did not err by discounting Ms. Riley's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 21st day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE